# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA,<br><br>        Plaintiff,<br><br>  v.<br><br>C. HALL, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01882-WMW PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison in Delano, California. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth Amendment of the U.S. Constitution. Plaintiff names C. Hall, G. Moonga, S. Zamora, Dr. Turella, Dr. Penner, S. Lopez, M.D., L. Bluford and N. Grannis as defendants. For the reasons set forth below, Plaintiff will be given the opportunity to file an amended complaint or proceed only on the claims found cognizable in this order.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.  Background**

Plaintiff alleges that prison officials did not provide proper treatment for his Hepatitis C. Plaintiff informed that he had Hepatitis C in February 2003. Plaintiff underwent a series of tests to determine whether he was suitable for "combination therapy" treatment for his Hepatitis. At issue was whether Plaintiff exhibited dangerously high alanine aminotransferase ("ALT") levels that would preclude him from receiving "combination therapy" treatment. Plaintiff cites prison regulations that state Hepatitis patients who are 45 years old or younger that have elevated ALT values on three consecutive tests are not eligible for combination therapy. Plaintiff alleges that although he had received elevated ALT values on individual tests, he has never received elevated ALT values on three consecutive tests. Therefore, Plaintiff believes Defendants improperly withheld "combination therapy" treatment from Plaintiff.

Plaintiff also alleges that Defendants improperly refused to perform a liver biopsy on Plaintiff. Plaintiff cites a prison regulation that states inmate patients 45 years old or older do not

///

2

require elevated ALT levels to be considered for a liver biopsy. Plaintiff contends that he was denied a liver biopsy based on his age.

Plaintiff cites other examples of how Defendants failed to comply with prison regulations. Plaintiff alleges that his ineligibility for "combination therapy" was not "thoroughly discussed", as required by prison regulations. Plaintiff also alleges that his ineligibility was not properly documented as required by regulation. Finally, Plaintiff alleges that Defendants failed to comply with regulatory timetables for Hepatitis diagnosis and treatment. Plaintiff alleges that regulations require "Phase II" of Hepatitis treatment to be completed in two months, while he has been in "Phase II" for three years.

Plaintiff also alleges that his denial for "combination therapy" was erroneously based on false reports in Plaintiff's file. Plaintiff was denied "combination therapy" based on reports that stated he had a history of schizophrenia, drug/alcohol use, anemia and hypothyroidism, among other things. Plaintiff claims that these reports actually belong to another inmate and were mistakenly placed in his file.

### III. Discussion

#### A. Eighth Amendment Claim - Denial of Medical Treatment

Plaintiff alleges that Defendants violated his rights under the Eighth Amendment by denying "combination therapy" and a liver biopsy. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of

3

mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (quoting Estelle, 429 U.S. at 104). Delay of medical treatment can amount to deliberate indifference. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); McGuckin, 974 F.2d at 1059; Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff alleges that Defendants' failure to provide "combination therapy" for his Hepatitis C caused permanent damage to his liver. Plaintiff alleges that if Defendants had provided "combination therapy" when he first requested it, the treatment would have been more effective the earlier it was administered and would have prevented permanent damage to his liver. Defendant doctor Turella refused to provide treatment. Plaintiff filed an administrative appeal and informed appeals reviewers that his condition was progressing and causing irreparable damage to his liver. Defendant Bluford "lied and misled [Plaintiff] by stating that if [Plaintiff] received the Hep C

4

treatment he would die." (Compl. 6.) Defendants Hall, Grannis, Green, Moonga, and Zamora also denied Plaintiff's administrative appeal for treatment. Plaintiff states a cognizable claim against Defendants Turella, Bluford, Hall, Grannis, Green, Moonga, and Zamora.

Plaintiff also made numerous requests for "combination therapy" to Defendant doctors Penner, and Lopez. Defendants Penner and Lopez based their denial on the fact that there were false reports in Plaintiff's medical file that disqualified Plaintiff from receiving "combination therapy". Plaintiff does not allege that the false reports were intentionally or knowingly placed in Plaintiff's file by someone who was cognizant of the risks that it would harm Plaintiff in the future. Thus, even taking Plaintiff's allegations as true, Defendants Penner and Lopez did not act with deliberate indifference. Defendants Penner and Lopez did not "know[] of and disregard[] an excessive risk to inmate health or safety". Plaintiff does not allege that Defendants Penner and Lopez knew that the reports in Plaintiff's medical file were false, that they should have known the files were false, or that they were otherwise responsible for the false reports in Plaintiff's file. Thus, Defendants Penner and Lopez believed that the reports were true and thought their decision was in the best interest of Plaintiff. Although their medical decision may have been based on erroneous information, they did not act with deliberate indifference. Further, Plaintiff has not alleged that the health care manager who worked at New Folsom State Prison acted with deliberate indifference when he/she placed the other inmate's reports in Plaintiff's medical file. The negligent placement of another inmate's medical reports into the wrong medical file does not amount to a constitutional violation. See Jett, 439 F.3d at 1096 (stating "isolated" neglect ordinarily militates against a finding of deliberate indifference) Plaintiff fails to state a cognizable claim against Defendants Penner, Lopez and the health care manager at New Folsom State Prison.

### B. Fourteenth Amendment Claim - Equal Protection

Plaintiff alleges that Defendants' policies denied Plaintiff a liver biopsy in violation of his rights under the Equal Protection Clause of the Fourteenth Amendment. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's

5

membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir.2005).

Plaintiff alleges he was treated differently on the basis of his age. Age is not a suspect classification under the Equal Protection Clause. Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307, 313 (1976). If the action in question does not involve a suspect classification, as here, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir.2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff does not specify how old he is but presumably he is under the age of 45. Plaintiff alleges that as an inmate-patient under 45, he is intentionally treated differently from inmate-patients over 45 because inmate-patients over 45 "do not require elevated ALT levels to be considered for [a] liver biopsy." (Compl. 4.) Plaintiff has "routinely requested a liver biopsy" and "was continually denied based on his age." Id. However, Plaintiff does not allege that he is "similarly situated" to persons older than 45 in terms of suitability for liver biopsies. Nor does Plaintiff allege that there was no rational basis for the difference in treatment. Differential treatment of persons based on their age is not unconstitutional unless there was no rational basis for the difference in treatment. Plaintiff has not shown that the differential treatment of inmate-patients under 45 that request liver biopsies was not rationally related to a legitimate state purpose. Plaintiff fails to state a claim under the Equal Protection Clause.

///

## IV. **Conclusion and Order**

Plaintiff's complaint states cognizable claims against Defendants Turella, Bluford, Hall, Grannis, Green, Moonga, and Zamora for deliberate indifference toward Plaintiff's medical needs in violation of the Eighth Amendment. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff seven (7) summonses and seven (7) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .", Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567

(9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Turella, Bluford, Hall, Grannis, Green, Moonga, and Zamora for deliberate indifference toward Plaintiff's medical needs in violation of the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   May 11, 2009**         /s/ William M. Wunderlich
UNITED STATES MAGISTRATE JUDGE