1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9   CARLOS HERRERA,                          CASE NO. 1:08-cv-01882-YNP PC

10                     Plaintiff,            ORDER FINDING SERVICE OF COMPLAINT
                                             APPROPRIATE, AND FORWARDING
11        v.                                 SERVICE DOCUMENTS TO PLAINTIFF FOR
                                             COMPLETION AND RETURN WITHIN
12   C. HALL, et al.,                        THIRTY DAYS

13                     Defendants.

14   _____/

15         Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is in the custody of the

17   California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State

18   Prison in Delano, California ("KVSP").  Plaintiff also names prison officials from New Folsom State

19   Prison ("NFSP") as defendants, suggesting that Plaintiff may have been incarcerated at NFSP at

20   some point in time.  Plaintiff is suing under section 1983 for the violation of his rights under the

21   Eighth Amendment to the U.S. Constitution.  Plaintiff names N. Dill (associate warden - health care

22   services, KVSP), Sherry Lopez (chief medical officer, KVSP), C. Hall (appeals examiner,

23   Sacramento) and N. Grannis (appeals examiner, Sacramento), Turella (medical doctor, NFSP),

24   Penner (medical doctor, NFSP), S. Zamora (health care manager, KVSP), G. Moonga (registered

25   nurse, KVSP), and L. Bluford (regional medical appeals analyst, KVSP) as defendants.

26         Plaintiff filed the Original Complaint in this action on December 8, 2008.  (Doc. #1.)

27   Plaintiff's Original Complaint was screened pursuant to 28 U.S.C. § 1915A(a) on May 11, 2009.

28   (Doc. #6.)  The Court found that Plaintiff's Original Complaint stated some cognizable claims and

1

ordered Plaintiff either to notify the Court of his willingness to proceed only on the claims found to be cognizable, or to file a First Amended Complaint that cured the deficiencies in the claims found not to be cognizable. Plaintiff opted for the latter and filed his First Amended Complaint on June 19, 2009. (Doc. #10.) This action proceeds on Plaintiff's First Amended Complaint.

Plaintiff alleges that Defendants denied Plaintiff treatment for his Hepatitis C. Plaintiff alleges that the denial was initially based on reports in Plaintiff's medical file that rendered him ineligible for treatment due to a history of drug abuse and mental illness. However, Plaintiff informed Defendants that the reports in his medical file were false, and Defendants continued to deny medical treatment despite Plaintiff's eligibility. Plaintiff alleges that he has suffered severe injury as a result of being denied treatment.

The Court has screened Plaintiff's complaint pursuant 28 U.S.C. § 1915A and found that it states cognizable claims against Defendants Dill, Lopez, Hall, Grannis, Turella, Penner, Zamora, Moonga, and Bluford for deliberate indifference to his serious medical needs. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008). Accordingly, it is HEREBY ORDERED that:

1.      Service is appropriate for the following defendants:

        DILL

        LOPEZ

        HALL

        GRANNIS

        TURELLA

        PENNER

        ZAMORA

        MOONGA

        BLUFORD

2.      The Clerk of the Court shall send Plaintiff nine (9) USM-285 forms, nine (9) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed June 19, 2009.

2

3.      Within **thirty (30) days** from the date of this order, Plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the Court with the following documents:

     a.      Completed summons;

     b.      One completed USM-285 form for each defendant listed above; and

     c.      Ten (10) copies of the endorsed complaint filed June 19, 2009.

4.      Plaintiff need not attempt service on Defendants and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5.      <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:**   **July 14, 2009**                       /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE