1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  CARLOS HERRERA,                          CASE NO. 1:08-cv-01882-YNP PC

10                    Plaintiff,            FINDINGS AND RECOMMENDATIONS
                                            RECOMMENDING DENIAL OF MOTION
11      v.
                                            (Doc. 15)
12  C. HALL, et al.,
                                            OBJECTIONS DUE WITHIN 30 DAYS
13                    Defendants.
    _____/
14

15      Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma

16  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On August 31, 2009, Plaintiff filed

17  a motion for a court order permitting Plaintiff to use the prison law library.  (Doc. #15.)

18      Plaintiff seeks injunctive relief in the form of a court order requiring prison officials to give

19  Plaintiff access to the law library.  The purpose of a preliminary injunction is to preserve the status

20  quo if the balance of equities so heavily favors the moving party that justice requires the court to

21  intervene to secure the positions until the merits of the action are ultimately determined.  University

22  of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary injunction must

23  establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

24  absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is

25  in the public interest."  Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374

26  (2008).

27      "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be

28  granted unless the movant, by a clear showing, carries the burden of persuasion."  Mazurek v.

1

1  <u>Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).  A

2  party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by

3  evidence.  With respect to motions for preliminary injunctive relief or a temporary restraining order,

4  the Prison Litigation Reform Act ("PLRA") provides that:

5  
6  
7  
8  
> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief.  Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

9  18 U.S.C. § 3626(a)(2).

10  Plaintiff's motion fails to demonstrate the necessary prerequisites for qualifying for

11  preliminary injunctive relief.  Plaintiff does not present any evidence demonstrating that he is likely

12  to succeed on the merits of this action.  Plaintiff does not present any evidence demonstrating that

13  he is likely to suffer irreparable harm in the absence of preliminary injunctive relief.  Plaintiff does

14  not identify what harm he would suffer.  Nor does Plaintiff demonstrate how any harm he would

15  suffer would be irreparable.  Plaintiff's brief motion only alleges that he presented court orders to

16  a law librarian and did not received priority library user status.  Additionally, Plaintiff's motion

17  contains no evidence that the balance of equities tips in his favor, or that a preliminary injunction

18  would be in the public's interest.  Finally, Plaintiff's motion for preliminary injunctive relief lacks

19  any demonstration that his requests meets the requirements of the PLRA.  Plaintiff does not

20  demonstrate or allege that his request for relief is narrowly drawn, extends no further than necessary

21  to correct the harm, and is the least intrusive means necessary to correct any harm.

22  Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a court order

23  granting Plaintiff access to use the law library, filed August 31, 2009, be DENIED.

24  These Findings and Recommendations are submitted to the United States District Judge

25  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days

26  after being served with these Findings and Recommendations, any party may file written objections

27  with the Court and serve a copy on all parties.  Such a document should be captioned "Objections

28  to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served

and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:    November 19, 2009**                        _____ **/s/ Sandra M. Snyder** _____
                                                       UNITED STATES MAGISTRATE JUDGE

3