# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA,<br><br>            Plaintiff,<br><br>     v.<br><br>C. HALL, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-01882-LJO-SKO PC<br><br>ORDER DENYING REQUEST FOR ENTRY OF DEFAULT<br><br>(Docs. 31, 46)<br><br>and<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS DILL AND L. BLUFORD SHOULD NOT BE DISMISSED FROM THIS ACTION<br><br>SHOW CAUSE DUE WITHIN 30 DAYS |

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has requested that the Court enter a default against Defendants Dill and Bluford because Dill and Bluford have failed to plead or otherwise defend in this action.

It appears that Dill and Bluford have failed to plead or otherwise defend this action because they have not been served under Federal Rule of Civil Procedure 4(c). On August 14, 2009, the Court ordered the U.S. Marshall to serve Defendants Hall, Moonga, Zamora, Dill, Turella, Penner, Lopez, Bluford, and Grannis with a summons and a copy of Plaintiff's first amended complaint. (Doc. #13.) On October 23, 2009, the Court received unexecuted summonses as to Defendants Dill and Bluford. (Docs. #19, 20.) The summonses indicate that the U.S. Marshal was unable to effect service of process on Dill and Bluford because they could not be located using the information

provided by Plaintiff. The summonses also indicated that the U.S. Marshal was unable to locate Dill or Bluford using information from the "CDC Locator" database.

Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Defendants Dill and Bluford have not been served within the 120-day deadline set forth in Rule 4(m). Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915 and is entitled to have process served by a U.S. Marshal. 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3). However, the inability to serve Defendants Dill and Bluford appears to stem from Plaintiff's failure to provide sufficient information to locate Defendants and effect service. See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (dismissal under Rule 4 appropriate where Plaintiff fails to provide U.S. Marshal with sufficient information to serve defendant) abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). Plaintiff is responsible for providing sufficient information to the U.S. Marshal to effect service of process.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's requests for entry of default are DENIED; and
2. Plaintiff is ordered to SHOW CAUSE within **thirty (30) days** why Defendants Dill and Bluford should not be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m).[1]

IT IS SO ORDERED.

**Dated:   June 20, 2010**              /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Should Plaintiff have more current information on the whereabouts of Defendants Dill and Bluford, he should provide it to the Court at this time.