# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA, | CASE NO. 1:08-cv-01882-LJO-SKO PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF DEFENDANTS' MOTIONS TO DISMISS |
| v. | |
| C. HALL, et al., | (Docs. 17, 25, 28) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court are three motions to dismiss from Defendants.  On October 23, 2009, Defendant Grannis filed a motion to dismiss. (Doc. #17.)  On November 9, 2009, Defendants Hall and Zamora filed a motion to dismiss.  (Doc. #25.)  On November 16, 2009, Defendant Moonga filed a motion to dismiss.  (Doc. #28.)  Plaintiff has filed oppositions to all three motions to dismiss.  (Docs. #30, 36, 39.)  Defendants Grannis, Hall, Zamora, and Moonga (collectively referred to as "Defendants" in this order) have filed replies to Plaintiff's oppositions.  (Docs. #34, 38, 40.)  All three motions to dismiss argue that Plaintiff fails to state a claim against Defendants for their role in responding to Plaintiff's administrative appeals. The issues raised in all three motions to dismiss are identical.  Therefore, the Court will address all three motions simultaneously.

///

///

///

1

**I.     Background**

    **A.     Plaintiff's Complaint**

This action proceeds on Plaintiff's First Amended Complaint filed on June 19, 2009. (Doc. #10.) Plaintiff is suing Defendants under Section 1983 for the violation of Plaintiff's Eighth Amendment rights. Plaintiff names N. Dill, Sherry Lopez, C. Hall, N. Grannis, Turella, Penner, S. Zamora, G. Moonga, and L. Bluford as Defendants.[1]

Plaintiff claims that Defendants were deliberately indifferent toward his serious medical needs and that Defendants denied him treatment for his Hepatitis C. The denial of treatment was initially based on reports in Plaintiff's medical file that rendered him ineligible for treatment due to a history of drug abuse and mental illness. Plaintiff alleges that he informed Defendants that these reports were false and requested that Defendants provide treatment. However, Defendants continued to deny Plaintiff's requests for treatment. Plaintiff claims that he suffered severe injury as a result of Defendants' decisions to deny him treatment.

Plaintiff claims that he requested Hepatitis treatment from Defendants Turella, Penner, and Lopez, each alleged to be physicians. Plaintiff filed an administrative appeal requesting Hepatitis treatment that explained that his treatment requests were being denied because of false reports in Plaintiff's medical file. Plaintiff's administrative appeal was denied by Defendants Bluford, Dill, Hall, Grannis, Moonga, and Zamora. Plaintiff alleges that Bluford, Dill, Hall, Grannis, Moonga, and Zamora were all aware that the reports in Plaintiff's medical file were false, yet denied Plaintiff's requests for treatment based on information in the false reports.

    **B.     Defendants' Motion to Dismiss**

In their motions to dismiss, Defendants argue that they are entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff has failed to allege facts sufficient to state a claim for an Eighth Amendment violation. Defendants argue that Plaintiff cannot state a claim for relief

---

[1] Defendants Lopez, Turella, and Penner have filed answers to Plaintiff's complaint but have not joined the motions to dismiss currently before the Court. Defendants Dill and Bluford have not made an appearance in this action. The Court received unexecuted summonses as to Dill and Bluford on October 23, 2009 that indicated that the U.S. Marshal was unable to effect service of process on Dill and Bluford using the information provided by Plaintiff.

2

based on Defendants' actions in processing Plaintiff's administrative appeals. Defendants contend that "[a] claim for relief based on the failure to grant administrative grievances or process them properly is not a cognizable claim because there is no constitutional guarantee to a prison administrative grievance or appeal system." (Mem. of P. & A. in Supp. of Grannis' Mot. to Dismiss 3:15-19; Mem. of P. & A. in Supp. of Zamora and Hall's Mot. to Dismiss 3:15-18; Mem. of P. & A. in Supp. of Moonga's Mot. to Dismiss 3:8-11.) Defendants argue that ruling against a prisoner on an administrative complaint does not cause or contribute to a constitutional violation and that prison officials whose participation in an alleged constitutional violation is limited to the consideration of a prisoner's administrative complaint cannot be held liable for that violation under Section 1983.

Plaintiff argues that he is not challenging the constitutionality of the inmate administrative grievance process, and is instead challenging Defendants' role in denying Plaintiff's medical care when Plaintiff had a serious need for medical care. Plaintiff claims that Defendants had the authority to grant Plaintiff's request for treatment and there was no legitimate reason to deny Plaintiff's request for treatment. Plaintiff claims that Defendants knew that the reports in Plaintiff's medical file were false, yet denied Plaintiff's requests for treatment based on the information in the false reports. Plaintiff further argues that Defendants were aware of Plaintiff's need for treatment and were aware of the excessive risk posed by denying treatment. Plaintiff argues that the denial thus constituted deliberate indifference.

## II. Discussion

### A. Federal Rule of Civil Procedure 12(b)(6)

Defendants contend that they are entitled to dismissal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's first amended complaint fails to state a claim. To survive a motion to dismiss for failure to state a claim, a complaint must meet the pleading standard set by Federal Rule of Civil Procedure 8. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937,

1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

### B. Eighth Amendment Claims Against Appeals Reviewers

Plaintiff claims that Defendants violated Plaintiff's Eighth Amendment rights. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on

4

deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. In order to constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

Plaintiff's complaint alleges that he had a serious medical need. Plaintiff claims that the failure to provide Hepatits treatment caused him severe injury, and that the response from Defendants was deliberately indifferent. Plaintiff alleges that Defendants knew that Plaintiff had a serious need, knew that Plaintiff needed treatment for his serious medical need, knew that the reports in his medical file were false, yet denied Plaintiff's requests for treatment by relying on the information in his medical file that was known to be false. Plaintiff has alleged sufficient facts to support the plausible conclusion that Defendants were aware that their actions in denying Plaintiff's administrative appeal exposed Plaintiff to an excessive risk. Plaintiff has alleged that Defendants were deliberately indifferent.

Defendants argue that there can be no claim for relief based on the failure to grant an administrative grievance because prisoners have no constitutional right to a prison administrative grievance system. Defendants' argument is not supported by law. Defendants rely on two Ninth Circuit cases in support of their proposition that the processing of administrative grievances cannot form the basis of a claim for relief under Section 1983.

In Mann v. Adams, 855 F.2d 639 (9th Cir. 1988), the Ninth Circuit held that a state's unpublished policy statements establishing a grievance procedure did not create a constitutionally protected liberty interest. The Ninth Circuit did not discuss Mann's claim in the context of any specific constitutional right, but state-created liberty interests are an element of Fourteenth

///

Amendment due process claims.  See Sandin v. Conner, 515 U.S. 472, 484 (1995) ("States may under certain circumstances create liberty interests which are protected by the Due Process Clause.")

In Ramirez v. Galaza, 334 F.3d 850 (9th Cir. 2003), the Ninth Circuit held that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure."  Id. at 860 (citing Mann, 855 F.2d at 640).  The Ninth Circuit applied that proposition to reject "Ramirez's claimed loss of a liberty interest in the processing of his appeals."  Id.

Taken together, Mann and Ramirez cannot be read broadly enough to support the proposition that the processing of an administrative appeal cannot, under any circumstances, form the basis of a claim to relief under Section 1983.  Mann and Ramirez simply held that a Plaintiff has no substantive right to a prison grievance system and that due process claims based on the denial of or interference with a prisoner's access to a prison grievance system are not cognizable.  Thus, if a prisoner were to raise a claim premised on an asserted denial of due process caused by denied or obstructed access to a prison's administrative grievance system, the claim would not be cognizable under Mann and Ramirez.  However, here, Plaintiff is not claiming a loss of a substantive right in the processing of his appeals caused by denied or obstructed access to a prison grievance system.  Plaintiff's claim is based on rights secured by the Eighth Amendment--the right to be free from cruel and unusual punishments.  The decisions in Mann and Ramirez do not touch upon whether an appeals reviewer's actions can be considered "cruel and unusual" within the meaning of the Eighth Amendment.

Defendants cite Ham v. Clark, No. 1:08-cv-01982-LJO-SMS PC, 2009 WL 2355265 (E.D. Cal. July 29, 2009), to support their position that a prison official cannot be liable under Section 1983 for the processing of an administrative appeal.  In Ham, a prisoner attempted to sue prison officials for the failure to provide pain medication which allegedly left Plaintiff in severe pain.  Ham v. Clark, No. 1:08-cv-01982-LJO-SMS PC, 2009 WL 2355265, at *1-2 (E.D. Cal. July 29, 2009).  The district court dismissed the plaintiff's claims against the prison officials who denied his administrative appeals on two separate grounds:  (1) the plaintiff has no substantive right to a particular grievance procedure, and (2) the plaintiff failed to demonstrate that the appeals reviewers were personally involved with Plaintiff's medical care or treatment.  Id.  It appears that plaintiff's

6

Eighth Amendment claims were dismissed because he did not allege that the appeals reviewers had the authority to grant the plaintiff's request for treatment. Thus, it was unclear whether the plaintiff's administrative appeal was a request for medical treatment or whether the plaintiff was merely complaining about another prison official's failure to provide him with treatment. The distinction is important because an appeals coordinator does not cause or contribute to a completed constitutional violation that occurs in the past. See George v. Smith, 507 F.3d 605, 609-610 (7th Cir. 2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). However, if there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to act to prevent it). Plaintiff has done so here.

Defendants also cite Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), for the proposition that "[a] defendant who is involved only to the extent that he or she considered a plaintiff's inmate appeal may not be held liable." (Def. Grannis' Reply to Pl.'s Opp'n to Her Mot. to Dismiss 2:20-22; Zamora and Hall's Reply to Pl.'s Opp'n to Their Mot. to Dismiss 2:21-23; Reply to Pl.'s Opp'n to Moonga's Mot. to Dismiss 2:19-21.) Iqbal discussed the viability of a detainee's Bivens action against supervisory governmental officials. The Supreme Court held that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 129 S.Ct at 1948. "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

Iqbal does not support Defendants' proposition that "a defendant who is involved only to the extent that he or she considered a plaintiff's inmate appeal may not be held liable." Iqbal does not even discuss the processing of inmate appeals. Further, even if Defendants could be considered supervisors, Plaintiff is not attempting to hold them liable for the unconstitutional conduct of their

subordinates. Plaintiff has sufficiently alleged that Defendants' own individual actions in denying Plaintiff's requests for medical treatment violated the Constitution. Plaintiff has alleged sufficient facts to state a claim against Defendants Grannis, Hall, Zamora, and Moonga.

### III.  Conclusion and Recommendations

The Court finds that Plaintiff's first amended complaint states cognizable claims against Defendants Grannis, Hall, Zamora, and Moonga for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.

Accordingly, it is HEREBY RECOMMENDED that Defendants' motions to dismiss, filed on October 23, 2009, November 9, 2009, and November 16, 2009, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 13, 2010**                    /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE