# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA,<br><br>       Plaintiff,<br><br>   v.<br><br>C. HALL, et al.,<br><br>       Defendants.<br>_____/ | CASE NO. 1:08-cv-01882-LJO-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS DILL AND BLUFORD BE DISMISSED<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 21, 2010, the Court ordered Plaintiff to show cause why Defendants Dill and Bluford should not be dismissed from this action due to Plaintiff's failure to effect service of process on them. (Doc. #49.) The Court noted that it received unexecuted summonses addressed to Defendants Dill and Bluford that indicated that the U.S. Marshal was unable to effect service of process because they could not be located using the information provided by Plaintiff. Plaintiff was directed to provide the Court with updated information on Dill and Bluford's whereabouts.

Plaintiff responded to the order to show cause on July 12, 2010. (Doc. #55.) Plaintiff states that Defendant Dill should not be dismissed from this action because Dill violated Plaintiff's constitutional rights. Plaintiff did not provide an updated home or work address for Defendant Dill. Instead, Plaintiff stated that Defendant Dill's wife works as a correctional counselor at Kern Valley State Prison and that she should know the whereabouts of Defendant Dill. Plaintiff provides no information about Defendant Bluford's whereabouts.

1

     Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 120 days after the complaint is filed, the Court must dismiss the action without prejudice against that defendant, or order that service be made within a specified time. Plaintiff is entitled to have process served by a U.S. Marshal because he is proceeding in forma pauperis. 28 U.S.C. § 1915(d), Federal Rule of Civil Procedure 4(c)(3).

     On August 14, 2009, the Court directed the U.S. Marshal to serve Defendants Dill and Bluford using the address provided by Plaintiff. (Doc. #13.) The Court effectively extended the deadline for effecting service to provide the U.S. Marshal an opportunity to effect service using the information provided by Plaintiff. Although the Ninth Circuit has held that incarcerated pro se plaintiffs should not be penalized where the failure to effect service was caused by the U.S. Marshal's failure to perform their duties under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 4, <u>Puett v. Blandford</u>, 912 F.2d 270, 275 (9th Cir. 1990), the failure to effect service here was caused by Plaintiff's failure to provide the Court with a current addresses for Defendants Dill and Bluford. There is no indication that the U.S. Marshal failed to perform the duties required by Section 1915 or Rule 4.

     The Court is unaware of any authority that states that the U.S. Marshal must conduct an investigation on Plaintiff's behalf to locate Defendants. The U.S. Marshal is only obligated to attempt service at the address provided by Plaintiff. The U.S. Marshal is not obligated to question Defendant Dill's family members to locate Dill. Thus, the Court will not direct the U.S. Marshal to interrogate Defendant Dill's wife about her husband's whereabouts.

     Accordingly, it is HEREBY RECOMMENDED that Defendants Dill and Bluford be dismissed from this action pursuant to Federal Rule of Civil Procedure 4(m) due to Plaintiff's failure to effect service of process.

     These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 19, 2010**                     /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE