# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA,<br><br>              Plaintiff,<br><br>      v.<br><br>C. HALL, et al.,<br><br>              Defendants.<br>                                                    / | CASE NO. 1:08-cv-01882-LJO-SKO PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 56) |

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 14, 2010, the Magistrate Judge issued a Findings and Recommendations which recommended that Defendants' motions to dismiss be denied. (Doc. #56.) The Findings and Recommendations were served on all parties and contained notice that any objections to the Findings and Recommendations were to be filed within thirty (30) days of the date on which the Findings and Recommendations were served. Defendants filed objections to the Findings and Recommendations on August 12, 2010. (Doc. #58.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 305, this Court has conducted a de novo review of this case. Defendants argue that Defendants Grannis, Hall, Zamora, and Moonga argue that their motions to dismiss should be granted because Plaintiff fails to state a claim against them.

///

Grannis, Hall, and Zamora argue that Plaintiff fails to state a claim against them because they are not health care practitioners. Defendants' cite <u>Sevilla v. Terhune</u>, No. 1:06-cv-00172-LJO-WMW, 2009 U.S. Dist. LEXIS 41518, at *16 (E.D. Cal. April 30, 2009), for the proposition that Plaintiff cannot state a cognizable claim for deliberate indifference under Section 1983 against non-medical appeals examiners.

This case is readily distinguishable from <u>Sevilla</u>. In <u>Sevilla</u>, the Court described the Plaintiff's complaint as "a rambling, semi-chronolological narrative of actions/inactions by [prison] personnel followed by four delineated claims for relief against most, if not all, of the defendants." <u>Id.</u> at *3. The Court further went on to state that "[t]he manner in which the [complaint] is organized and presented makes it nearly impossible to ascertain which factual allegations [the plaintiff] intends to rely on to support any of his claims for relief." <u>Id.</u> Given the lack of clarity in the factual allegations, the Court concluded that Plaintiff failed to allege facts that establish that the appeals examiners, particularly non-medical appeals examiners, acted with deliberate indifference to Plaintiff's medical needs.

Here, Plaintiff alleges that appeals examiners denied Plaintiff's requests for Hepatitis C treatment. Plaintiff alleges that his requests were denied because of false reports in his medical files that disqualified him from receiving treatment. Plaintiff specifically alleged that the appeals examiners were aware that the reports in his medical files were false and nonetheless continued to deny Plaintiff's requests for treatment. It does not take a medical expert to understand that it is grossly irresponsible to continue to deny a request for medical treatment based on reports that are known to be false. Even a layperson would understand the risks involved in such imprudent behavior. Plaintiff has alleged facts that plausibly support the conclusion that Grannis, Hall, and Zamora were aware of an excessive risk to Plaintiff's health. Plaintiff states a cognizable claim for relief against Defendants Grannis, Hall, and Zamora.

Defendants argue that Plaintiff fails to state a claim against Defendant Moonga because Plaintiff failed to allege that Moonga had the authority or medical license necessary to order Hepatitis treatment for Plaintiff. Whether or not Moonga had the authority to order treatment or otherwise help Plaintiff receive treatment is a dispute of fact that is more appropriately addressed

in a motion for summary judgment or at trial. The Court notes that the lack of a medical license does not necessarily make it impossible for Moonga to somehow help Plaintiff obtain the medical treatment he needed. Even if Moonga lacked the authority to directly prescribe the treatment in question, Plaintiff maybe be able to prevail on his claim against Moonga by demonstrating that Moonga could have taken other action to help Plaintiff, such as by recommending Plaintiff for treatment, or speaking with another doctor or prison official.

Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, the Court HEREBY ORDERS that:

1. The July 14, 2010 Findings and Recommendations are ADOPTED in full; and
2. Defendants' motions to dismiss, filed on October 23, 2009, November 9, 2009, and November 16, 2009, are DENIED.

IT IS SO ORDERED.

**Dated:   August 27, 2010**                   **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE