# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA, | CASE NO. 1:08-cv-01882-LJO-SMS PC |
| Plaintiff, | ORDER DIRECTING THE PARTIES TO FILE FURTHER BRIEFING REGARDING EXHAUSTION |
| v. | |
| C. HALL, et al., | TWENTY DAY DEADLINE |
| Defendants. | |

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the first amended complaint, filed June 19, 2009, against Defendants Lopez, Hall, Grannis, Turella, Penner, Zamora, and Moonga for deliberate indifference to serious medical needs.[1] On October 27, 2010, Defendant Turella filed a motion for summary judgment. (ECF No. 67.) Plaintiff filed an opposition to the motion on November 29, 2010. (ECF No. 69.) Dr Turella filed a reply on December 2, 2010. (ECF No. 74.) Plaintiff filed a surreply on December 16, 2010. (ECF No. 76.) The Court has reviewed the moving and opposing papers and concludes that additional briefing is necessary.

Defendant brings this motion on the ground that Plaintiff's complaint is untimely. Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and

---

[1] Defendants Dill and Bluford were dismissed from the action for Plaintiff's failure to effect service of process on August 30, 2010. (ECF No. 65.)

1

1 County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174
2 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).  In the absence
3 of a specific statute of limitations, federal courts should apply the forum state's statute of limitations
4 for personal injury actions.  Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004);
5 Fink, 192 F.3d at 914.

6      The statute of limitations for claims accruing in California on or after January 1, 2003, is two
7 years.  Cal. Civ. Proc. Code § 335.1 (West 2008).  Further, unless Plaintiff is serving a sentence of
8 life without the possibility of parole, the statute of limitations is tolled for two years before it begins
9 to run, resulting in a four-year period within which to file suit.  Cal. Civ. Proc. Code § 352.1 (West).
10 Finally, the equitable tolling doctrine tolls the statute of limitations while exhaustion occurs.  Brown
11 v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005); Addison v. State of California, 21 Cal.3d 313, 318, 146
12 Cal.Rptr. 224, 578 P.2d 941 (1978).

13      Defendant did not address whether Plaintiff exhausted his administrative remedies in his
14 moving papers, nor did Plaintiff in his opposition.  Since the statute of limitations is tolled while
15 exhaustion occurs, it is necessary to determine if Plaintiff filed an inmate appeal and, if so, the date
16 the appeal was initially filed and when a final decision was issued.  Thus, the Court finds that further
17 briefing from the parties is necessary to clarify the issue of exhaustion.

18      Accordingly, the Court HEREBY ORDERS that:

19      1.    Within twenty days of the date of service of this order Defendant SHALL file a
20          supplemental reply addressing Plaintiff's attempts to exhaust administrative remedies
21          for his claims against Defendant Turella; and

22      2.    Within twenty days of the date of service of Defendant's supplemental reply, Plaintiff
23          may file a supplemental surrepy.

24      IT IS SO ORDERED.

25 **Dated:   May 11, 2011**         /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE