# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CARLOS HERRERA,

                 Plaintiff,

    v.

C. HALL, et al.,

                 Defendants.

_____/

CASE NO. 1:08-cv-01882-LJO-SMS PC

FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS GRANNIS, HALL, MOONGA, AND ZAMORA'S MOTION FOR SUMMARY JUDGMENT

(ECF Nos. 68, 70, 71, 72, 73, 75, 76)

OBJECTIONS DUE WITHIN THIRTY DAYS

## I.    Procedural History

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the first amended complaint, filed June 19, 2009, against Defendants Lopez, Hall, Grannis, Turella, Penner, Zamora, and Moonga for deliberate indifference to serious medical needs.[1]  On October 27, 2010, Defendant Turella filed a motion for summary judgment.  (ECF No. 67.)  On October 29, 2010, Defendants Grannis, Hall, Moonga, and Zamora filed a motion for summary judgment.  (ECF No. 68.)  Plaintiff filed oppositions to both motions, a statement of disputed facts, a motion to deny Defendants Grannis, Hall, Moonga, and Zamora's motion for summary judgment, and a declaration on November 29, 2010.[2]  (ECF Nos. 69, 70, 71, 72, 73.)  Defendant Turella filed a reply on

---

[1] Defendants Dill and Bluford were dismissed from the action for Plaintiff's failure to effect service of process on August 30, 2010.  (ECF No. 65.)

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the Court in an order filed on August 14, 2009.  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

December 2, 2010. (ECF No. 74.)  Defendants Grannis, Hall, Moonga, and Zamora filed a reply on December 3, 2010. (ECF No. 75.)  Plaintiff filed a surreply on December 16, 2010.  (ECF No. 76.) On May 11, 2011, the parties were directed to file supplemental briefs on Defendant Turella's motion for summary judgment.  (ECF No. 78.)

## II.   Motion for Summary Judgment

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  However, the court is to liberally construe the filings and motions of pro se litigants.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010.)  The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex, 477 U.S. at 323 (quoting Rule 56(c) of the Federal Rules of Civil Procedure).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  If the non-moving party fails to establish that a genuine issue for trial exists "the moving party is entitled to judgment as a matter of law."  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006) (quoting Celotex, 477 U.S. at 323).

The parties bear the burden of supporting their motions and oppositions with the papers they

wish the Court to consider and/or by specifically referencing any other portions of the record for consideration. <u>Carmen v. San Francisco Unified School Dist.</u>, 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact. <u>Simmons v. Navajo County, Arizona</u>, 609 F.3d 1011, 1017 (9th Cir. 2010).

### B.    Summary of Plaintiff's Allegations

In February 2003, Plaintiff was diagnosed with Hepatitis C. Plaintiff alleges that he was eligible for treatment pursuant to the prison medical protocol that was in place from May 2004 through January 2009. Beginning May 5, 2004, Plaintiff requested that he receive a combination therapy as treatment for his Hepatitis C from Defendants Turella, Lopez, and Penner. Additionally, from May 5, 2004 through October 25, 2008, Plaintiff requested that a liver biopsy be performed. Plaintiff's requests were denied based on his age and false reports that were placed in his medical file.

In October 2006, Plaintiff requested combination therapy from Defendant Lopez. Defendant Lopez informed Plaintiff that he did not qualify for treatment due to his drug history and mental health history. Since Plaintiff did not have a history of drug use or mental health issues he requested his medical records. A review of his medical records found that another inmate's records were placed in his medical file. These records did indicate a pattern of mental illness and drug history.

In April 2007, Plaintiff filed an administrative appeal claiming that he was being wrongfully denied treatment based upon another inmate's medical records being in his medical file. In July 2007, Plaintiff informed Defendant Lopez about the false reports, but Defendant Lopez still refused to provide the requested treatment. Plaintiff's administrative appeal was denied by Defendants Grannis, Hall, Moonga, and Zamora.

### C.    Undisputed Facts[3]

1.    Defendant Moonga has been licensed as a Registered Nurse in California since 2005 and has been working as a Registered Nurse for the California Department of

---

[3] Plaintiff submits a document titled "Plaintiff's Statement of Disputed Facts." (ECF No. 71.) The facts will not be replicated here as the facts listed in the document are not in dispute. The document argues that he submitted his appeal because of false reports in his medical file and each defendant reviewed his medical file and was aware of the false reports.

Corrections and Rehabilitation (CDCR) at Kern Valley State Prison (KVSP) since 2007.

2. Defendant Zamora was the acting Health Care Manager at KVSP from May 2006 to September 2008.

3. Defendant Hall was an Appeals Examiner and Facility Captain for the CDCR'S Inmate Appeals Branch in 2008.

4. Defendant Grannis was the Chief of the CDCR'S Inmate Appeals Branch in 2008.

5. There is an inmate appeal system within the CDCR and at KVSP.

6. Plaintiff submitted an appeal, dated April 25, 2007, which claimed that he had been diagnosed with Hepatitis C and that he was not receiving appropriate treatment.

7. Plaintiff requested treatment with the medication Interferon or, if he did not receive the requested treatment, then an explanation why.

8. Plaintiff then appealed to the second level of review, at which point Defendant Moonga became involved in the review of Plaintiff's appeal.

9. In responding to inmate appeals, the community standard for a nurse is to review the patient's appeal, conduct an interview with the inmate if one has not yet been conducted, review pertinent portions of the patient's medical record, and, if medically appropriate, ensure that he is being seen clinically regarding his medical issues.

10. In preparing a response to Plaintiff's appeal, Defendant Moonga conducted an interview with Plaintiff on August 19, 2007, during which time Plaintiff largely re-stated the contents of his inmate appeal.

11. Plaintiff's medical records showed that Plaintiff was seen by Defendant Lopez on July 25, 2007, for a regular follow-up regarding his Hepatitis C.

12. Defendant Lopez ordered a liver panel and a follow-up.

13. On August 22, 2007, Plaintiff was seen for another follow-up with Defendant Lopez and another liver panel and a follow-up were ordered.

14. Since Plaintiff was scheduled to be seen for another regular follow-up, Defendant

4

1   Moonga told him to speak with his doctor during that examination about why

2   Interferon therapy was not medically appropriate at that time.

3   15.   Following the second level decision on his appeal, Plaintiff then appealed to the third

4   level of review.

5   16.   In signing the amended second level response, Defendant Zamora reviewed the

6   responses that had previously been provided.

7   17.   In reviewing Plaintiff's appeal, Defendant Hall noted that Plaintiff was under the

8   clinical management of Defendant Lopez who had been monitoring Plaintiff's

9   condition on a monthly basis.

10   18.   Finally, Defendant Hall noted that Plaintiff had been encouraged to address his

11   questions regarding Interferon treatment to Defendant Lopez during his next

12   examination.

13   19.   As Chief of the Inmate Appeals Branch, Defendant Grannis then reviewed Plaintiff's

14   appeal on approximately April 29, 2008.

15   20.   In reviewing Plaintiff's appeal, Defendant Grannis noted that Plaintiff was under the

16   clinical management of Defendant Lopez who had been monitoring Plaintiff's

17   condition on a monthly basis.

18   21.   Finally, Defendant Grannis noted that Plaintiff had been encouraged to address his

19   questions regarding Interferon treatment to Defendant Lopez during his next

20   examination.

21   **D.   Deliberate Indifference to Serious Medical Needs**

22   Liability under section 1983 exists where a defendant "acting under the color of law" has

23   deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen

24   v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  In order to be held liable each defendant must

25   have personally participated in the deprivation of the plaintiff's rights.  Ashcroft v. Iqbal, 129 S. Ct.

26   1937, 1949 (2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

27   A prisoner's claim of inadequate medical care does not constitute cruel and unusual

28   punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical

needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer, 511 U.S. at 837.

The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting Jett, 439 F.3d at 1096).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837.  "Deliberate indifference is a high legal standard," Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Conn, 591 F.3d at 1095 (quoting Jett, 439 F.3d at 1096).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to establish

6

1   deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334

2   (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not support a

3   claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

4                    **1.    Defendants' Arguments**

5        Defendants Grannis, Hall, Zamora, and Moonga argue that they are entitled to summary

6   judgment and dismissal from this action on the grounds there is no evidence to support the claims

7   asserted against them, alternately they are entitled to qualified immunity.  On April 25, 2007,

8   Plaintiff submitted an appeal claiming that he was not receiving appropriate medical treatment after

9   being diagnosed with Hepatitis C.  (Undisputed Fact ("UF") 6.)  Plaintiff requested that he be treated

10  with the medication Interferon or, if treatment was denied, an explanation of why the treatment was

11  denied.  (UF 7.)

12       Defendant Moonga reviewed Plaintiff's appeal at the second level of review.  (UF 8.)  As a

13  registered nurse Defendant Moonga is not qualified or permitted to order medical care to a patient

14  that his physician has determined is not appropriate.  (Declaration of Defendant Moonga, ¶ 3.)  The

15  community standard for a nurse responding to Plaintiff's appeal was to review the inmate appeal,

16  conduct an interview with the inmate if he had not previously been interviewed, review the medical

17  records, and if medically appropriate, ensure that he is being seen clinically regarding his medical

18  issues.  (UF 9.)

19       Defendant Moonga received and reviewed Plaintiff's inmate appeal.  (Declaration of

20  Defendant Moonga, ¶ 4.)  At the first level of review Plaintiff was informed that his most recent liver

21  function test, which was normal, did not qualify him for the treatment he was requesting.  (Id., Exh.

22  A.)  On August 19, 2007, Defendant Moonga interviewed Plaintiff at which time Plaintiff essentially

23  restated the contents of his inmate appeal.  (UF 10.)

24       Defendant Moonga reviewed Plaintiff's medical records which revealed that Plaintiff was

25  seen by Defendant Lopez for a regular follow-up regarding his Hepatitis C on November 30, 2006,

26  and a liver panel was ordered.  Plaintiff was seen by Defendant Lopez for a regular follow-up

27  appointment on July 25, 2007, and a liver panel was ordered.  Plaintiff was scheduled for another

28  follow-up appointment with Defendant Lopez on August 22, 2007.  During these appointments

Defendant Lopez had determined that the therapy Plaintiff was requesting was not medically appropriate. (Declaration of Defendant Moonga, ¶ 7.)

Based upon the review of Plaintiff's medical records, Defendant Moonga determined that Plaintiff was being closely and regularly monitored for his medical condition and the treating physician had determined that the requested treatment was not medically indicated. Plaintiff had a follow-up appointment scheduled and Defendant Moonga advised him to speak with his doctor about why the requested treatment was not medically appropriate. (Id., ¶ 8.) Plaintiff's appeal indicated that another inmate's medical record had been mistakenly placed into his medical chart, however a review of Plaintiff's records did not give any indication that the decision to deny the requested treatment was based upon another inmate's medical records. (Id., ¶ 10.)

Defendant Zamora was acting Health Care Manager from May 2006 to September 2008. (UF 2.) Defendant Zamora's duties are entirely administrative and she is not medically trained. She does not have the authority to recommend or order medical treatment. (Declaration of Defendant Zamora, ¶ 3.) Because the second level response to Plaintiff's inmate appeal had been signed by Defendant Moonga and not the Health Care Manager, it was given to Defendant Zamora to sign. (Id., ¶ 9.) Defendant Zamora reviewed the appeal and saw that Defendant Moonga had interviewed Plaintiff and reviewed the pertinent portions of his medical file. Additionally, she noted that Plaintiff was being regularly seen by Defendant Lopez and that Defendant Lopez had determined that the treatment Plaintiff was requesting was not medically appropriate. Plaintiff had a follow-up appointment three days prior to Defendant Zamora's review of the appeal and she noted that Defendant Lopez had again found the requested treatment was not medically necessary. Based upon this review of the appeal Defendant Zamora concluded that Plaintiff was being regularly seen by the appropriate medical staff regarding his medical condition. (Id., ¶ 10.)

Defendant Hall was an Appeals Examiner and Facility Captain for the Inmate Appeals Branch. (UF 3.) As an Appeals Examiner Defendant Hall does not make treatment decisions, but after reviewing the relevant data and information, either confirms or rejects the institutions treatment decisions. (Declaration of Matthew Ross, Exhibit B, p. 3.) In reviewing Plaintiff's inmate appeal Defendant Hall noted that Plaintiff was under the clinical management of Defendant Lopez, his

medical condition was being monitored on a monthly basis, and Plaintiff had been encouraged to address his questions regarding treatment to Defendant Lopez at his next medical appointment. (UF 17, 18.) Defendant Hall reviewed the facts, data, and information associated with Plaintiff's appeal and confirmed the institutions decision. (Declaration of Matthew Ross, Exhibit B, p. 5.) The denial of Plaintiff's inmate appeal on April 29, 2008, was based upon the treating physician's recommendations. (Id., Exhibit B, p. 2, 4.)

Defendant Grannis reviewed Plaintiff's appeal on approximately April 29, 2008. (UF 19.) California Code of Regulations, Title 15 section 3354 establishes that only qualified medical personnel shall be permitted to diagnose and treat medical conditions. (Declaration of Matthew Ross, Exhibit A, p. 5.)  In reviewing Plaintiff's inmate appeal Defendant Grannis also noted that Plaintiff was under the clinical management of Defendant Lopez, his medical condition was being monitored on a monthly basis, and Plaintiff had been encouraged to address his questions regarding treatment to Defendant Lopez at his next medical appointment. (UF 20.) The evidence reviewed by Defendant Grannis revealed that Plaintiff was receiving appropriate care for his medical condition and the treatment Plaintiff was requesting had been determined to be medically unnecessary. (Declaration of Matthew Ross, Exhibit A, p. 7.) As Chief of the Inmate Appeals Branch, Defendant Grannis reviewed the appeal response and decision of Defendant Hall and gave final approval. (Id., Exhibit A, p. 2.)

Defendants argue that it is clear that the defendants were not deliberately indifferent to Plaintiff's medical needs.  Defendant Moonga's response to the appeal was appropriate.  Defendant Moonga interviewed Plaintiff, reviewed his medical records, and found that Plaintiff was being regularly examined by his physician who had determined the treatment requested by Plaintiff was not medically indicated.  Defendant Moonga could not have ordered the treatment Plaintiff was seeking and is entitled to summary judgment.

Defendants Zamora, Hall and Grannis were only involved in reviewing Plaintiff's inmate appeal.  Each of them reviewed Plaintiff's appeal and determined that Plaintiff was being regularly examined by his physician who had determined that the treatment he was requesting was not medically appropriate.  Defendants Zamora, Hall, and Grannis are not medically trained and could

1  not grant Plaintiff's request that he receive the treatment he was seeking.  None of these defendants

2  were qualified to pass clinical judgment on the care Plaintiff was receiving and are entitled to

3  summary judgment.

4       Alternately, Defendants are entitled to qualified immunity.  No official in the position of

5  these defendants would reasonably believe that reviewing a medical appeal for an inmate requesting

6  he be treated with Interferon, and denying that appeal because it was determined that the inmate was

7  being regularly treated by a physician who had determined the treatment was not medically indicated,

8  would have violated a clearly established right of the inmate.

9                    **2.    Plaintiff's Opposition**

10      Plaintiff makes the same argument for all defendants, that they were deliberately indifferent

11  to his serious medical need because they were aware that he was denied treatment based upon

12  another inmate's medical records being included in his medical file and continued to deny him

13  treatment.  Defendants Hall, Zamora, Grannis, and Moonga are not entitled to qualified immunity

14  because they realized there were false medical records in his medical file and that he was denied

15  treatment because of those records.  This shows they were "plainly incompetent and knowingly

16  violated the law."  (Mot. To Deny Summary Judgment Motion 4, ECF No. 72.)

17      Plaintiff argues that Defendants could have granted his appeal and he would have received

18  the treatment that he was requesting.  The results of his liver panel tests from November 16, 2005

19  through January 10, 2006, qualified him for the treatment he requested.  (Opp. 3, ECF No. 70.)

20  Additionally, Plaintiff argues that Defendant Moonga could have granted Plaintiff's appeal thereby

21  permitting him to receive the requested treatment.  Although Defendants state that the treatment was

22  not medically indicated, the determination of whether or not the treatment was medically indicated

23  is not stated in the records.  The records just reflect that the treatment was not ordered.

24      Since Defendant Lopez' findings that the treatment was not medically indicated are in

25  dispute, the Court should deny Defendants' motion for summary judgment.  (Id. at 4.)  Plaintiff

26  submits his liver panel results for July, August, and November of 2007, and argues that the test

27  results show that the treatment was appropriate.  (Id. at 5.)  Defendants reviewed Plaintiff's file and

28  knew that two treating physicians had recommended the treatment.  (Declaration 2, ECF No. 73.)

1       **3.**    <u>**Defendants' Reply**</u>

2        Defendants reply that in responding to the appeal they did not have authority to grant

3 Plaintiff's request for treatment. Defendant Moonga could not authorize treatment that was not

4 found to be appropriate by the treating physician. Although Plaintiff argues that Defendants were

5 aware that another inmate's medical records were in his medical file, the medical records reviewed

6 by Defendants did not give any indication that the clinical decisions were being made based on

7 another inmate's records.[4]

8       **4.**    <u>**Discussion**</u>

9        Plaintiff alleges that Defendants exhibited deliberate indifference by denying his

10 administrative appeals. Defendant Moonga is a registered nurse and Defendants Zamora, Hall, and

11 Grannis are not medical personnel. Defendants were only involved in Plaintiff's case as officials that

12 denied Plaintiff's grievances at different levels of appeal. The prison grievance procedure does not

13 confer any substantive rights upon inmates and actions in reviewing and denying inmate appeals

14 cannot serve as a basis for liability under section 1983. <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th

15 Cir. 2003); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988); <u>Buckley v. Barlow</u>, 997 F.2d 494,

16 495 (8th Cir. 1993). Plaintiff has established that he has a serious medical condition that required

17 he receive medical treatment. To establish liability for defendants involved in the denial of medical

18 grievances, Plaintiff must set forth evidence that the medical care he requested was medically

19 necessary and the denial therefore constituted deliberate indifference to his medical needs. <u>See</u>

20 <u>Toguchi</u>, 391 F.3d at 1058-1060. While Plaintiff claims that he was eligible to receive treatment

21 with Interferon, he has submitted no evidence to show that Defendants Moonga, Zamora, Hall, or

22 Grannis were aware that the treatment he was receiving was inappropriate and were deliberately

23

24 _____

25    [4]Defendants include a footnote stating that Plaintiff's opposition was due on November 18, 2010, and the
document was served on November 21, 2010. Defendants' request that the Court disregard Plaintiff's opposition.
26 (ECF No. 75.) Plaintiff filed a surreply requesting that the Court not disregard his opposition. Due to the prison
mail system, Plaintiff received the motion with only fifteen days to file his opposition. During the time Plaintiff was
27 to respond the prison was on lockdown and he was limited in his access to the law library. Plaintiff was not given
access to the law library until November 20, 2011. (ECF No. 76.) Defendants' motion was served on October 29,
2010. Plaintiff had twenty one days, plus three days for mailing, to respond. Fed. R. Civ. Proc. 6(d). Plaintiff's
28 opposition was due November 22, 2010. Since Plaintiff served the motion on November 21, 2010, the Court finds
his opposition was timely.

indifferent by failing to grant his appeal.

Although Plaintiff argues that he was denied treatment due to the inclusion of another inmate's record in his medical file, he has submitted no evidence that this other inmate's record was the basis of the decision to deny the treatment.  Even if Defendant Lopez had indicated to Plaintiff that he was not eligible for treatment with Interferon because of the inclusion of another inmate's medical records in his medical file, the record reflects that this was not the reason that Plaintiff was not receiving the treatment during the time period at issue in this action.

In the first level appeal response Plaintiff was informed that he did not qualify for the treatment that he was requesting because his test results were normal.  (Declaration of Defendant Moonga, Exhibit A; Compl. 35, ECF No. 1.)  Defendants reviewed Plaintiff's medical records and found that Plaintiff was being regularly seen by Defendant Lopez who had determined that the treatment Plaintiff was requesting was not medically indicated.

Plaintiff argues that Defendants were aware that the treatment with Interferon had been ordered by two physicians, however, this is not supported by the record.  A review of the exhibits attached to Plaintiff's declaration shows that on July 24, 2006, Plaintiff was referred to the HCV clinic as a new patient.  (ECF No. 73 at 83.)  An undated record states that treatment was recommended.  (Id. at 84.)  When Plaintiff was seen on September 24, 2007, the results of his tests were the same as his July and August results which indicated a possibility of performing a biopsy and Plaintiff was referred to Defendant Lopez.  (Id. at 89.)  On October 25, 2007, Plaintiff's test results were found to not be high enough for a biopsy.  (Id. at 86.)  The Court declines to find that being referred to the clinic indicates that the physician found treatment with Interferon to be the recommended course of treatment.  Nor do any of the medical records supplied by Plaintiff and reviewed by the Court recommend that Plaintiff receive Interferon as treatment for his Hepatitis.  While the records indicate that treatment of Plaintiff's disease was recommended, they do not specify the type of treatment.  Even if a physician had recommended the specific treatment Plaintiff desired this would not establish that another physician was deliberately indifferent for deciding on a different treatment option.  Sanchez, 891 F.2d at 242.

While Plaintiff argues that he was denied Interferon because of this other inmate's medical

records showing a history of drug use and mental illness, this is not supported by the record.  The fact that records were misfiled in Plaintiff's medical file does not establish that they were the reason for Defendant Lopez' treatment decisions where the medical records reflect a different reason.

Plaintiff argues that since Defendant Lopez' decision to deny him treatment with Interferon is in dispute the motion for summary judgment should be denied.  Plaintiff submits portions of the medical protocol for the treatment of Hepatitis C and the results of his medical tests to support his position that he was eligible for the therapy he was requesting under the medical protocol. Plaintiff's disagreement with the treatment decisions made by Defendant Lopez are not sufficient to establish a triable issue of fact. Fleming v. LeFevere, 423 F.Supp.2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.")

Defendants Grannis, Hall, and Zamora are not medical personnel and their involvement in reviewing and evaluating Plaintiff's appeal would be to determine if he was receiving medical treatment for his serious medical condition, not to determine the type of treatment Plaintiff should be receiving. See Green v. Daley, 414 F.3d 645, 656 (7th Cir. 2005) (quoting Spruill v. Gillis, 372 F.3d 218, 236 (3rd Cir. 2004) ("If a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands").

Defendant Moonga reviewed Plaintiff's appeal, conducted an interview with Plaintiff, reviewed the medical records, and verified that Plaintiff was being seen clinically regarding his medical issues.  Plaintiff's appeal was denied because his treatment request had been determined by his treating physician to be medically unnecessary.  While Plaintiff argues that Defendant Moonga could have granted his appeal and he would have received the treatment he was requesting, he has submitted no evidence to suggest that Defendant Moonga would have been able to override a treating physician's medical decision regarding appropriate treatment for a patient.

The evidence presented by Defendants indicates that they denied Plaintiff's grievance based upon the medical opinion of his treating physician that he was receiving treatment that was medically appropriate. Defendants were aware that Plaintiff was being regularly seen by his physician and tests were ordered to evaluate the progression of his disease.  Although Plaintiff was of the opinion that

he should have received different medical treatment, a difference of opinion between an inmate and prison medical officials regarding treatment does not give rise to a claim under § 1983. Plaintiff has submitted no evidence to refute Defendants claims that during the review of Plaintiff's inmate appeal, they reviewed the records and Plaintiff's appeal was denied because it was determined that he was receiving regular medical care from his treating physician who had determined that the treatment he was requesting was not medically necessary. Accordingly, Defendants motion for summary judgment shall be granted.

### E.   Qualified Immunity

Defendants' final argument is that they are entitled to qualified immunity. Because the Court recommends granting Defendants' motion based on the foregoing analysis, the Court does not reach Defendants' argument that they are entitled to qualified immunity.

### III.   Conclusion and Recommendation

The Court finds that Defendant Grannis, Hall, Moonga, and Zamora are entitled to judgment as a matter of law on Plaintiff's claims that they violated the Eighth Amendment by acting with deliberate indifference to Plaintiff's medical needs. Accordingly, it is HEREBY RECOMMENDED that Defendants Grannis, Hall, Moonga, and Zamora's motion for summary judgment, filed October 29, 2010, be GRANTED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    May 16, 2011**                         **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE

14