# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C. HALL, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01882-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT TURELLA'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF Nos. 67, 69, 74, 76)<br><br>THIRTY-DAY DEADLINE |

I.  **Procedural History**

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the first amended complaint, filed June 19, 2009, against Defendants Lopez, Hall, Grannis, Turella, Penner, Zamora, and Moonga for deliberate indifference to serious medical needs.[1]  On October 27, 2010, Defendant Turella filed a motion for summary judgment.  (ECF No. 67.)  On October 29, 2010, Defendants Grannis, Hall, Moonga, and Zamora filed a motion for summary judgment.  (ECF No. 68.)  Plaintiff filed oppositions to both motions, a statement of disputed facts, a motion to deny Defendants Grannis, Hall, Moonga, and Zamora's motion for summary judgment, and a declaration

---

[1] Defendants Dill and Bluford were dismissed from the action for Plaintiff's failure to effect service of process on August 30, 2010.  (ECF No. 65.)

1

on November 29, 2010.[2] (ECF Nos. 69, 70, 71, 72, 73.) Defendant Turella filed a reply on December 2, 2010. (ECF No. 74.) Defendants Grannis, Hall, Moonga, and Zamora filed a reply on December 3, 2010.[3] (ECF No. 75.) Plaintiff filed a surreply on December 16, 2010. (ECF No. 76.)

On May 11, 2011, the parties were ordered to file further briefing on whether Plaintiff filed an administrative grievance regarding his claims against Defendant Turella. (ECF No. 78.) On May 31, 2011, Defendants filed a reply stating that Plaintiff filed an administrative grievance in 2007, which was too late to apply to Defendant Turella's treatment in 2004 and Plaintiff is not entitled to any additional tolling for exhaustion of administrative remedies. Plaintiff did file a reply or otherwise respond to the order.

**II.   Defendant Turella's Motion for Summary Judgment**

   **A.   Undisputed Facts**

   1.   Plaintiff filed his complaint on December 8, 2008.

   2.   Plaintiff alleges that he made requests for Hepatitis C combination treatment and a liver biopsy at various times between May 5, 2004 and January 19, 2009, and these requests were not granted.

   3.   Defendant Turella is a Doctor of Osteopathy whose duties within the California Department of Corrections and Rehabilitation were to examine patients, order and obtain laboratory reports and imaging studies and providing medical care to inmates.

   4.   Plaintiff was at CSP-Sacramento (also known as New Folsom) from 1999 to the beginning of 2006, when he was transferred to Kern Valley State Prison. He was at Kern Valley until 2010, when he was transferred to California State Prison, Los Angeles.

   5.   Plaintiff alleges that Defendant Turella's refusal to treat his Hepatitis C occurred at

---

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the Court in an order filed on August 14, 2009. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

[3] By separate order the Court granted Defendants Grannis, Hall, Moonga, and Zamora's motion for summary judgment.

New Folsom.

6. Defendant Turella saw Plaintiff at New Folsom two times – May 25, 2004 and August 25, 2004.

7. Defendant Turella was a physician at New Folsom until September, 2004.

**B.**     **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). However, the court is to liberally construe the filings and motions of pro se litigants. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010.) The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quoting Rule 56(c) of the Federal Rules of Civil Procedure).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record for consideration. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact. Simmons v. Navajo

1  County, Arizona, 609 F.3d 1011, 1017 (9th Cir. 2010).

### C.     Defendant's Claims

Defendant brings this motion on the ground that Plaintiff's complaint is untimely. Plaintiff was housed at California State Prison, Sacramento ("New Folsom") from 1999 until the beginning of 2006. Defendant Turella was a physician at New Folsom until September 2004. (Memorandum of Points and Authorities 2, ECF No. 67-1.) Defendant Turella treated Plaintiff two times, on May 25, 2004 and August 25, 2004. (Id.) Plaintiff was aware that he had contacted Hepatitis C as early as February 2004. (Id.) The statute of limitation for filing personal injury lawsuits in California is two years. Cal. Code Civ. Proc. § 335.1. In addition California also provides a two year tolling provision for incarcerated individuals. Cal. Code Civ. Proc. § 352.1(a). Since Defendant Turella left New Folsom in September 2004, he could not have treated Plaintiff after that date. Therefore, Plaintiff had until September 2008 to file his complaint. Since Plaintiff did not file his complaint in this action until December 2008, he has failed to comply with the statute of limitations.

### D.     Plaintiff's Claims

Plaintiff claims that when Defendant Turella denied his requests for medical treatment in August of 2004, he told Plaintiff that treatment does not abate or ameliorate the disease. Plaintiff believed that Defendant Turella did not think the denial of the requested treatment would cause injury. It was not until Plaintiff was seen on May 25, 2005, by Defendant Penner that Plaintiff learned that if Hepatitis C is left untreated it may cause irreparable harm. (Opp. 2, ECF No. 69.) Therefore, Plaintiff was unaware of the injury until May 25, 2005, and had until May 25, 2009, to file suit against Defendant Turella. Since Plaintiff filed this action in December 2008, this suit was brought within the applicable statute of limitations.

### E.     Defendant's Reply

Initially, Defendant argues that Plaintiff filed his opposition on November 21, 2010, although it was due November 18, 2010. Since the pleading was filed late Defendant requests that it be ignored.

Although Plaintiff now states that he did not think the denial of treatment would cause injury, the claim is belied by the complaint. In his complaint Plaintiff stated that he has continually

4

requested combination treatment since May 5, 2004. Plaintiff knew that he had contacted Hepatitis C and was aware that he wanted to receive combination treatment as of May 4, 2004. Plaintiff never stopped requesting treatment after he was seen by Defendant Turella. Plaintiff has not argued, nor could he, that he stopped requesting treatment because Defendant Turella told him that it would not be effective.

### F. Timeliness of Plaintiff's Opposition

Defendants request that the Court disregard Plaintiff's opposition as untimely. (ECF No. 75.) Plaintiff filed a surreply requesting that the Court not disregard his opposition. Due to the prison mail system, Plaintiff received the motion with only fifteen days to file his opposition. During the time Plaintiff was to respond, the prison was on lockdown and he was limited in his access to the law library. Plaintiff was not given access to the law library until November 20, 2011. (ECF No. 76.) Defendants' motion was served on October 27, 2010. Plaintiff had twenty one days, plus three days for mailing, to respond. Fed. R. Civ. Proc. 6(d). Because Plaintiff's opposition was due on a Saturday, he would have until November 22, 2010, to respond. Fed. R. Civ. Proc. 6(a)(1)(c). Since Plaintiff served the motion on November 21, 2010, the Court finds his opposition was timely.

### G. Discussion

Federal law determines when a claim accrues, and "under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). In the absence of a specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Lukovsky, 535 F.3d at 1048; Jones v. Blanas, 393 F.3d 918, 927 (2004); Fink, 192 F.3d at 914.

The statute of limitations for claims accruing on or after January 1, 2003, is two years. Cal. Civ. Proc. Code § 335.1 (West 2008). Further, unless Plaintiff is serving a sentence of life without the possibility of parole, the statute of limitations is tolled for two years before it begins to run, resulting in a four-year period within which to file suit. Cal. Civ. Proc. Code § 352.1 (West). Finally, under California law, which is applicable in this instance, Jones v. Blanas, 393 F.3d 918,

927 (2004), the equitable tolling doctrine tolls the statute of limitations while exhaustion occurs, Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005); Addison v. State of California, 21 Cal.3d 313, 318, 146 Cal.Rptr. 224, 578 P.2d 941 (1978). Since Plaintiff did not file an administrative grievance regarding his treatment by Defendant Turella, he would be required to file his claim by August 25, 2008.

The Court finds that Defendant has met his initial burden of informing the Court of the basis for his motion, and identifying those portions of the record which he believes demonstrate the absence of a genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus., 475 U.S. at 586 (1986).

Plaintiff argues that the statute of limitations should not begin to run until he was aware of his injury, that he could be harmed by Defendant Turella denying request for treatment, which occurred when he first saw Defendant Penner on May 25, 2005. The statute of limitations begins on the date the injury accrued. Generally, the action accrues when the wrongful act or omission occurs and the party has sustained damages, even when the full extent of his injury is unknown. Wallace v. Kato, 549 U.S. 384, 391, 127 S. Ct. 1091, 1097 (2007). Once the plaintiff knows that harm has been done to him, he must decide within the applicable limitations period whether to file suit. Lukovsky, 535 F.3d at 1050. If a reasonable plaintiff would not have known of the existence of a claim within the applicable limitations period, equitable tolling will serve to extend the statute of limitations. Id.

Where the actions of the defendant prevent the plaintiff from filing suit equitable estoppel could extend the period of limitations. Id. Plaintiff alleges that Defendant Turella was not being honest with him because Defendant Turella told him that treatment would not abate or ameliorate the disease. Plaintiff fails to produce any evidence to support a claim that Defendant Turella engaged in any fraudulent or misleading conduct that would toll the statute of limitations.

In a medical malpractice action alleging failure to diagnose or treat a pre-existing condition, "it is only when the patient becomes aware or through the exercise of reasonable diligence should have become aware of the development of a pre-existing problem into a more serious condition that

his cause of action can be said to have accrued." Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir. 1983). In Augustine, the plaintiff was diagnosed with a bump on his palate in 1975, however was not told that it was malignant until 1978. Augustine, 704 F.2d at 1076. The Ninth Circuit rejected defendant's argument that the claim was time barred because plaintiff had failed to file suit for more than two years after he knew he had the bump on his palate. The injury to plaintiff occurred when the bump developed into a more serious condition. Id. at 1078.

Similarly, Plaintiff argues that he did not know that denial of treatment would potentially cause harm until he saw Defendant Penner on March 25, 2005. While Defendant argues that Plaintiff's claim should accrue on the date that he was denied the requested treatment, the Ninth Circuit has consistently held that a claim does not accrue where a patient relies on the statements of his medical providers regarding his injuries and their probable cause. Winter v. United States, 244 F.3d 1088, 1090 (9th Cir. 2001); Raddatz v. United States, 750 F.2d 791, 796 (9th Cir. 1984). Plaintiff alleges that due to statements made by Defendant Turella, he did not believe that he would suffer any harm by not receiving treatment for his Hepatitis C. It was not until he was informed by Defendant Penner that if his Hepatits was not treated he could suffer irreparable harm that he was aware of his injury. Plaintiff's reliance on the opinion of his treating physician that he would not suffer further injury due to the lack of treatment was reasonable, and the statute would be tolled until he was aware of his injury on March 25, 2005. Accordingly, Plaintiff has submitted sufficient evidence to preclude a finding that Defendant is entitled to judgment as a matter of law and Defendant's motion for summary judgment should be denied. However, based upon the changed pleading standard the Court will, by separate order, address the sufficiency of Plaintiff's complaint against Defendant Turella.

**III.     Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendant's motion for summary judgment, filed October 27, 2010, be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written

objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 22, 2011**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE