# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA, | CASE NO. 1:08-cv-01882-LJO-SMS PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS |
| v. | |
| C. HALL, et al., | (ECF No. 10) |
| Defendants. | THIRTY-DAY DEADLINE |

---

## I.   Procedural History

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Initially the amended complaint, filed June 19, 2009, was screened and went forward upon Plaintiff 's claims against Defendants Lopez, Hall, Grannis, Turella, Penner, Zamora, and Moonga for deliberate indifference to serious medical needs.[1]  Subsequently, the United States Supreme Court issued the decision in Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937 (2009), which ushered in stricter pleading standards.  See Moss v. U.S. Secret Service, 572 F.3d 962, 968-69 (9th Cir. 2009) (citing Iqbal; Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II.   Screening Requirement

In light the decision in Iqbal, Plaintiff's claims in this action against Defendant Turella

---

[1]Defendants Dill and Bluford were dismissed from the action for Plaintiff's failure to effect service of process on August 30, 2010.  (ECF No. 65.)  On May 17, 2011, the Court issued findings and recommendations recommending granting Defendants Hall, Grannis, Zamora, and Moonga's motion for summary judgment.  (ECF No. 79.)

1

require screening due to the changed pleading standards.  As Plaintiff is already aware, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S. Ct. at 1949-50; Moss, 572 F.3d at 969.  "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.  Iqbal, 129 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (quoting Twombly, 550 U.S. at 555).

**III.   Discussion**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096

1   (9th Cir. 2006) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976)).   The two part test for

2   deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating

3   that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary

4   and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

5   indifferent."   <u>Conn v. City of Reno</u>, 591 F.3d 1081, 1095 (9th Cir. 2010) (quoting <u>Jett</u>, 439 F.3d at

6   1096).

7         In his first amended complaint, filed June 19, 2009, Plaintiff alleges that he was diagnosed

8   with Hepatitis C in February 2003 and requested combination therapy from May 5, 2004 through

9   January 19, 2009.   Plaintiff claims that he was eligible for the treatment pursuant to all prison

10   medical protocol.   Plaintiff routinely requested a liver biopsy, but was denied based on his age and

11   false reports included in his medical file.   (First Amend. Compl. § IV, ECF No. 10.)

12         Plaintiff specifically requested Hepatitis treatment from Defendants Turella, Lopez, and

13   Penner and was wrongfully denied treatment.   (Id. at 4.)   In October 2006, Plaintiff requested a

14   combination therapy from Defendant Lopez and was informed that he did not qualify for the

15   requested treatment due to his drug and mental health history.   Plaintiff does not have a history of

16   drug use or mental health issues so he requested a copy of his medical records.   A review of the

17   records showed that another inmate's medical record was mistakenly placed in Plaintiff's file.

18   Plaintiff informed Defendant Lopez about the error, but Defendant Lopez still refused to provide

19   treatment.   (<u>Id.</u>)   Plaintiff claims to have suffered severe injury due to being denied treatment.   (<u>Id.</u>

20   at 5.)   Plaintiff's allegations that Defendant Lopez failed to provide treatment after being informed

21   that the denial was based on another inmates medical records and he has suffered harm is sufficient

22   to state a claim against Defendant Lopez.

23         However, Plaintiff has failed to state a cognizable claim that Defendants Turella or Penner

24   acted with deliberate indifference to Plaintiff's serious medical condition.   <u>Jett</u>, 439 F.3d at 1096.

25   2006).   Deliberate indifference is shown where there was "a purposeful act or failure to respond to

26   a prisoner's pain or possible medical need" and the indifference caused harm.   <u>Conn</u>, 591 F.3d at

27   1095 (quoting <u>Jett</u>, 439 F.3d at 1096).   "Deliberate indifference is a high legal standard."   <u>Simmons</u>

28   <u>v. Navajo County, Arizona</u>, 609 F.3d 1011, 1019 (9th Cir. 2010); <u>Toguchi v. Chung</u>, 391 F.3d 1051,

1060 (9th Cir. 2004).  The prison official must be aware of facts from which he could make an

inference that "a substantial risk of serious harm exists" and he must make the inference.  Farmer

v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff's allegation that he was "wrongfully" denied treatment fails to state a plausible claim

against Defendants Turella or Penner for a violation of the Eighth Amendment.  Iqbal, 129 S. Ct. at

1949.  Plaintiff claims that he was denied treatment due to a false report being included in his

medical records.  According to the complaint neither Defendant Turella or Penner were aware that

the information in Plaintiff's medical file was incorrect.  While Plaintiff alleges that he was eligible

for treatment, Defendant Turella and Penner found he was not eligible due to his drug and mental

health history.  As alleged Plaintiff has merely stated a difference of opinion between him and his

medical providers in the treatment of his illness which is insufficient to state a cognizable claim.

Franklin v. Oregon, 662 F.2d 1337, 1355 (9th Cir. 1981);  Mayfield v. Craven, 433 F.2d 873, 874

(9th Cir. 1970).

**IV.    Conclusion and Order**

Plaintiff's complaint states a cognizable claim against Defendant Lopez for deliberate

indifference to serious medical needs in violation of the Eighth Amendment, but does not state a

claim for relief under section 1983 against Defendants Penner or Turella.  The Court will provide

Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the

Court in this order.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only

against Defendant Lopez on the Eighth Amendment claim, Plaintiff may so notify the Court in

writing.  The other defendants and claims will then be dismissed for failure to state a claim.

If Plaintiff elects to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but

must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or

other federal rights, Iqbal,129 S. Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true,

the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level .

. . ."  Twombly, 550 U.S. at 555 (citations omitted).  The mere possibility of misconduct is

insufficient to state a claim.  Iqbal, 129 S. Ct. at 1950.  Further, Plaintiff may not change the nature

1    of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d

2    605, 607 (7th Cir. 2007) (no "buckshot" complaints).

3         Finally, an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>,

4    114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must

5    be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

6    Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

7    amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>,

8    644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

9         Based on the foregoing, it is HEREBY ORDERED that:

10    1.    The Clerk's Office shall send Plaintiff a civil rights complaint form;

11    2.    Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

12        a.    File an amended complaint curing the deficiencies identified by the Court in

13            this order for his claims against Defendants Lopez, Penner and Turella only,

14            or

15        b.    Notify the Court in writing that he does not wish to file an amended

16            complaint and is willing to proceed only against Defendant Lopez; and

17    3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to

18        obey a court order.

19

20    IT IS SO ORDERED.

21    **Dated:**   **June 22, 2011**                    **/s/ Sandra M. Snyder**

22                                  UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28