# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HERRERA,<br><br>  Plaintiff,<br><br>  v.<br><br>C. HALL, et al.,<br><br>  Defendants.<br>_____ / | CASE NO. 1:08-cv-01882-LJO-SMS PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME<br><br>(ECF No. 81)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF AN EXPERT WITNESS<br><br>(ECF No. 82)<br><br>THIRTY-DAY DEADLINE |

**I.  Procedural History**

Plaintiff Carlos Herrera ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the first amended complaint, filed June 19, 2009, against Defendants Lopez, Hall, Grannis, Turella, Penner, Zamora, and Moonga for deliberate indifference to serious medical needs.[1]  (ECF No. 10.)  On May 17, 2011, findings and recommendations issued recommending granting Defendants Grannis, Hall, Moonga, and Zamora's motion for summary judgment.  (ECF No. 79.)  On June 21, 2011, Plaintiff filed a motion for an extension of time and a motion for appointment of an expert witness.  (ECF Nos. 81, 82.)  On June 22, 2011, the Court re-screened Plaintiff's amended complaint, and an order issued requiring Plaintiff to either file an amended complaint or notify the

---

[1] Defendants Dill and Bluford were dismissed from the action for Plaintiff's failure to effect service of process on August 30, 2010.  (ECF No. 65.)

1

1  Court that he wished to proceed only on the claims found to be cognizable. (ECF No. 83.)

2  **II.      Motion for Appointment of Expert Witness**

3        The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the
4  Federal Rules of Evidence, which reads, in part, "[t]he court may on its own motion or on the motion
5  of any party enter an order to show cause why expert witnesses should not be appointed..." Fed. R.
6  Evid. 706(a); <u>Walker v. American Home Shield Long Term Disability Plan</u>, 180 F.3d 1065, 1071
7  (9th Cir. 1999). Rule 706 also confers on the court the discretion to apportion costs in the manner
8  directed by the court, including the apportionment of costs to one side. Fed. R. Evid. 706; <u>Ford ex
9  rel. Ford v. Long Beach Unified School Dist.</u>, 291 F.3d 1086, 1090 (9th Cir. 2002); <u>Walker</u>, 180
10 F.3d at 1071.

11       The instant action involves allegations of deliberate indifference to Plaintiff's serious medical
12 needs, in violation of the Eighth Amendment. Specifically, Plaintiff alleges that he has been
13 diagnosed with Hepatitis C and that Defendants violated the Eighth Amendment by denying him
14 treatment he requested. The Court finds that the issues are not so complex as to require the
15 testimony of an expert witness.

16       Additionally, the expenditure of public funds on behalf of an indigent litigant is proper only
17 when authorized by Congress. <u>See</u> <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989) (citations omitted).
18 The in forma pauperis statute does not authorize the court to waive witness fees or expenses paid to
19 those witnesses. <u>Dixon v. Ylst</u>, 990 F.2d 478, 480 (9th Cir. 1993); <u>see</u> 28 U.S.C. § 1915. In
20 instances such as this, where the government would likely bear the cost, the court should exercise
21 caution. The court has a burgeoning docket of civil rights cases filed by prisoners proceeding pro
22 se and in forma pauperis. The facts of this case are no more extraordinary and the legal issues
23 involved no more complex than those found in the majority of the cases now pending before this
24 court. Accordingly, Plaintiff's motion for appointment of an expert witness shall be denied.

25 **III.     Motion for Extension of Time**

26       Plaintiff has requested a thirty day extension of time to prepare his objection to the findings
27 and recommendations issued May 17, 2011. Good cause having been shown, Plaintiff's motion for
28 an extension of time shall be granted.

IV. <u>Order</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appointment of an expert witness, filed June 21, 2011, is DENIED;
2. Plaintiff's motion for an extension of time, filed June 21, 2011, is GRANTED; and
3. Plaintiff is granted thirty (30) days from the date of service of this order in which to file his objection to the findings and recommendations.

IT IS SO ORDERED.

Dated:   **June 24, 2011**              /s/ Sandra M. Snyder
                              UNITED STATES MAGISTRATE JUDGE